UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERMA WOODHULL,
as Personal Representative of the Estate
of Michael Woodhull, deceased,

Case No. 1:04-cv-203

Plaintiff,

Hon. Wendell A. Miles

v

COUNTY OF KENT; SHERIFF LAWRENCE A. STELMA;
CORRECTIONAL MEDICAL SYSTEMS, INC.,
a foreign corporation; CORRECTIONAL MEDICAL
SERVICES, INC., a foreign corporation;
DR. NASIM YACOB, M.D.; DR. DAVID CARREL, D.O.;
DR. NAN ALT, M.D.; CATHERINE WHITE, R.N.;
TAMMY SYSWERDA, R.N.; GWEN LANSER, R.N.;
NANCY SQUIRES, R.N.; KAREN PROUDFOOT, R.N.;
SHARON FISHER, R.N.; C. SYMKO;
THE FAMILY OUTREACH CENTER, a Michigan corporation;
RYAN VEENEMAN; and
CORNERSTONE COMMUNITY MENTAL HEALTH SERVICES,
a Michigan corporation, jointly and severally,

Defendants.

_____/


ORDER ON PARTIES' CROSS-MOTIONS TO STRIKE EXPERT WITNESSES


This action filed under 42 U.S.C. § 1983 arising from the death of a former prisoner at the

at the Kent County jail is currently before the court on motions filed by plaintiff and by the

remaining defendants (collectively, "the CMS defendants" unless otherwise noted[1]) to strike

_____

[1] The remaining defendants are a corporation, Correctional Medical Services, Inc.
("CMS"), which entered into a contract with the County to provide medical services to inmates at
the jail, in addition to four individuals – Nasim Yacob, M.D., Daniel Carrel, D.O., Tammy
Syswerda, R.N., and Gwen Lanswer, R.N. – employed as doctors and nurses responsible for

(continued...)

expert witnesses pursuant to Fed.R.Civ.P. 37(c) (docket nos. 143, 148).  For the reasons to

follow, the court **DENIES** both motions.


## Parties' Non-Compliance with Local Rule 7.1(d)

At the outset, the court notes that neither plaintiff nor the CMS defendants have complied

with W.D.Mich.L.Civ.R. 7.1(d) in their respective motions.  Local Rule 7.1(d) provides as

follows:

> Attempt to obtain concurrence - With respect to all motions, the moving party
> shall ascertain whether the motion will be opposed.  In addition, in the case of all
> discovery motions, counsel or pro se parties involved in the discovery dispute
> shall confer in person or by telephone in a good-faith effort to resolve each
> specific discovery dispute.  All motions shall affirmatively state the efforts of the
> moving party to comply with the obligation created by this rule.

The importance of the communication required by this rule – particularly with respect to

discovery motions, which the current motions are – cannot be overstated.  Neither motion at issue

contains the statement required by the last sentence of the rule, and it is apparent from reading

both motions that the requirement of pre-filing conference was not followed – or certainly not

followed in substance.  The failure of counsel to follow the rule in this instance has resulted in

the filing of papers with the court which betray mutual lapses in professionalism and suggest

behavior reminiscent of a schoolyard tiff.  This is unfortunate, given the serious nature of the

underlying legal claims and their obvious importance to all involved.   The parties' failure to

comply with the requirements of the rule leads the court to conclude that both motions should be

denied.

---

[1](...continued)
providing medical care at the jail.

**<u>Discussion</u>**

In the court's view, the parties' non-compliance with Local Rule 7.1(d) provides a sufficient basis in itself to deny both motions.  However, the court has carefully reviewed the motions notwithstanding the parties' non-compliance, and the court concludes that both motions must also be denied in substance.

"Rule 26(a)(2)(B) generally requires parties to make mandatory disclosures about their experts[.]"  <u>Roberts v. Galen of Virginia, Inc.</u>, 325 F.3d 776, 782 (6th Cir. 2003).  In addition, Fed.R.Civ.P. 37(c)(1), on which each side relies, provides in pertinent part as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  . . .

Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'"  <u>Roberts</u>, 325 F.3d at 782 (citations omitted).  The burden is on the potentially sanctioned party to prove harmlessness.  <u>Id</u>.  Rule 37(c)(1), however,

> provides several remedies to a district judge who is faced with violations of the mandatory-disclosure provisions of Rule 26. The provision on sanctions explicitly states in pertinent part that 'in lieu of this sanction [of total exclusion], the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.' Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety.

3

Roberts, 325 F.3d at 783-784.  Therefore, "[t]he Federal Rules of Civil Procedure are not so monolithic as to demand a single outcome for the widely varying circumstances encountered during discovery[.]"  United States v. Rapanos, 376 F.3d 629, 645 (6th Cir. 2004), cert. granted (other grounds), 126 S.Ct. 414 (2005).  In some circumstances, inaction by a "surprised" party suggests that a failure to disclose should be considered harmless.  See id. at 646 (citing Roberts, 325 F.3d at 783).

Discovery in this case was to have been completed by October 1, 2005.  Stipulated Order Extending Case Management Dates (docket no.  87), ¶ 3 (entered Jan. 10, 2005).  Plaintiff was to identify her experts by April 1, 2005, and defendants by May 1, 2005.  Id.  Plaintiff was to provide written reports of her experts by July 1, 2005, and defendants were to do the same by August 1, 2005.  Id.

Both plaintiff and the CMS defendants appear to have timely identified their experts.  The parties also long ago timely and effectively exchanged written reports of their experts – although they now dispute whether those reports complied with the requirements of Fed.R.Civ.P. 26(a).  The CMS defendants have also moved for summary judgment, and this motion, which remains pending, has been fully briefed and remains under consideration by the court.  In their reply brief in support of their summary judgment motion, the CMS defendants argued, by way of a footnote, that plaintiff's experts' reports should be stricken because they were not "timely filed" with the court."  CMS Defendants' Reply (docket no. 140) at 1 n.1.  The CMS defendants did not elaborate further on this argument until they filed their current motion several weeks after their summary judgment motion was fully briefed and under consideration.

In their motion to strike, the CMS defendants – who do not dispute that they in fact

4

timely received what purported to be written reports of four experts identified by plaintiff –
essentially argue that these experts should now be stricken as witnesses principally because,
according to CMS, plaintiff "hid" the reports in the midst of a weighty stack of 48 exhibits
which she submitted with her Facilitative Mediation Case Summary on February 17, 2005, which
was months before the July deadline for plaintiff's written expert reports.  Defendants' Motion
(docket no. 143) at 5.  According to CMS, this submission as exhibits to a mediation summary
did not constitute a proper form of disclosure, and therefore the witnesses should be stricken.
Plaintiff has opposed the CMS defendants' motion and filed her own motion to strike eight
experts identified by CMS because, according to plaintiff, none of the expert reports contains a
list of the cases in which the expert has previously consulted or testified and three of the reports
have also omitted lists of the witnesses' publications.

   The CMS defendants' argument that plaintiff did not "properly" disclose her expert
reports is principally premised on a procedural supposition that plaintiff was both  required by
Fed.R.Civ.P. 5(d) to "file" the reports with the court at the time of disclosing them to the
defendants, and to file proof of service with the court.  However, this argument is, flatly, wrong.
Fed.R.Civ.P. 5(d) provides that disclosures under Rule 26(a)(2) "*must not be filed* until they are
used in the proceeding or the court orders filing" (emphasis supplied).  The court did not order
filing of the expert reports.  Moreover, because materials provided to the Facilitative Mediator
are generally not disclosed to the court, see Order of Referral for Facilitative Mediation (docket
no. 57) at 2, submission during the mediation process does not constitute "use in the proceeding."
In addition, this district's local rules generally prohibit the filing of discovery materials unless
they are necessary to accompany a simultaneously filed motion or motion response.

5

W.D.Mich.L.Civ.R. 5.3.[2]

As noted above, the CMS defendants do not dispute that they timely received plaintiff's written disclosures, which contained the experts' written opinions. However, as additional justification for striking the witnesses, the CMS defendants argue that plaintiff did not file a proof of service of the reports until November 1, 2005, after the close of discovery. (On that date, plaintiff filed an undated proof of service, electronically signed by counsel, stating that her four expert reports had been served on the CMS defendants by mail nearly nine months previous, on February 17, 2005. See docket no. 129) The CMS defendants argue that the written disclosures should be deemed somehow defective because plaintiff did not "promptly" file a proof of service of the written reports as provided by W.D.Mich.L.Civ.R. 5.2.[3] However, the CMS defendants have not shown how plaintiff's filing of a belated proof of service has prejudiced them in their review of the substance of the disclosures made several months earlier. This technical argument simply does not provide a basis for the extreme relief of striking plaintiff's expert witnesses.

---

[2]On August 1, 2005, the CMS defendants filed with the court eight of their own expert witness reports (docket nos. 114-121). Because these reports did not accompany any other filing and were not at that time being "used in the proceeding" within the meaning of Local Rule 5.3, it is somewhat unclear why the CMS chose to file the reports at that time; it is presumed that CMS did so because its counsel was laboring under the erroneous impression that filing the reports with the court was required as part of their disclosure to plaintiff.

[3]Local Rule 5.2 provides as follows:

Proof of service - Proof of service of all pleadings and other papers required or permitted to be served shall be filed promptly after service and may be made by written acknowledgment of service, by affidavit of the person making service or by written certification of counsel. Proof of service shall state the date and manner of service.

6

The CMS defendants also argue that plaintiffs' expert witness reports are themselves deficient in a number of respects which justify the striking of the witnesses pursuant to Fed.R.Civ.P. 37(c). Specifically, the CMS defendants argue that the report of Corey Weinstein, M.D. is "preliminary"; the report of Joe Goldenson, M.D. is also "preliminary" as well as an unsigned draft; and the reports of Goldenson, Arnold Markowitz, M.D., and Julie Rogers, R.N. fail to address a number of the elements required by Fed.R.Civ.P. 26(a)(2)(B).

In support of her own "me, too" motion to strike, plaintiff also argues that the CMS defendants' expert witnesses William Luchter, M.D., Michael Iechenhorn, M.D., Lisa Horseman, R.N., Silas Norman, M.D., Gary Trock, M.D., Leon Pedell, M.D., Rose Vasvilas, R.N., and Michael Grebner, M.D. should be stricken because none of the reports contains a list of the cases in which the witnesses have consulted or testified and because, in the case of Horseman, Trock, and Grebner, the reports do not contain a list of the witnesses' publications as required by Fed.R.Civ.P. 26(a)(2)(B). Plaintiff conclusorily argues that these omissions from the reports will cause her "severe hardship and prejudice" if the CMS defendants are permitted to proceed to trial with these experts, an argument which mimics verbatim the latter parties' own conclusory assertion.

In their response to plaintiff's motion, the CMS defendants contend that they have now provided any information which was missing from their witnesses' reports. Whatever the case, the court is not impressed by either side's bald assertion of "severe hardship" or "prejudice." Hardship and prejudice are serious terms, not to be bandied about lightly or without support, as both sides to the present motions have done. It is apparent here that plaintiff filed her own motion to strike only because the CMS defendants sought to strike her experts, and that she filed

7

it without asking for the missing information, just as it is apparent that the CMS defendants filed their accusatory motion without making any serious attempt to confer with plaintiff.  Here, both sides are at fault:  plaintiff for her unorthodox method of disclosure, and the CMS defendants for refusing to take action after receiving the disclosure.  At this point, the court is inclined to leave the parties to muster the professionalism required to resolve their own discovery differences – which they clearly should have done in the first instance before involving the court.[4]

In further support of their demand to strike plaintiff's experts, the CMS defendants argue that although they served plaintiff with interrogatories and requests for production seeking information about (among other things) plaintiff's experts, plaintiff failed to respond to this discovery request.  The CMS defendants claim to have served these discovery requests on September 30, 2005.[5]

Plaintiff contends that she at some point responded to these discovery requests.  However, even if plaintiff had failed to respond before the deadline for completion of discovery, the CMS defendants have no legitimate basis for arguing that plaintiff failed to respond before the discovery deadline.  As noted above, discovery in this case was to have been *completed* by October 1, 2005.  By the CMS defendants' own concession, they did not even serve their requests (by U.S. mail) until September 30, just one day before this deadline, and they therefore

---

[4]Of course, an alternative would be for the court to strike both sides' experts, but this seems to the court to be a less desirable or just solution to the controversy.

[5]The CMS defendants have attached a copy of these discovery requests as Exhibit G to their present motion.   It is noted that despite their argument above that proof of service must be filed promptly after service, the CMS defendants did not in fact file a proof of service of their September 30, 2005 discovery requests.

8

could not possibly have anticipated a response by plaintiff before the deadline.[6]  Therefore, the CMS defendants simply served their discovery requests too late to provide for a response before the completion of discovery, and they did not seek an extension of the deadline.  Therefore, they have only themselves to blame if they did not have all the discovery they wanted or needed before the deadline.

The CMS defendants seek, as an alternative to an order striking plaintiff's experts, an order directing plaintiff to produce her experts Rogers, Goldenson, Weinstein, and Markowitz for deposition within 30 days.  It is apparent to the court that this desire to depose plaintiff's experts may actually be the crux of the CMS' defendants motion: they would like to depose plaintiff's experts, but they failed to do so before the discovery completion deadline.  Whether their failure to do so was a deliberate decision of strategy or a product of neglect they don't say; they have instead chosen to blame plaintiff entirely for their own failure.  Under the circumstances, they have not established to court's satisfaction why it should rescue them from the consequences of their own actions.

Finally, it is noted that the CMS defendants' motion also includes a one-sentence argument that the expert reports of plaintiff's witnesses Markowitz and Rogers are "irrelevant" because they are merely "Affidavits of Merit" directed to state law medical malpractice claims,

---

[6]The establishment of discovery completion dates pursuant to Fed.R.Civ.P. 16, which is always done with the parties' input, enables the parties to calculate response times to ensure that all discovery requests are made far enough in advance that responses may be received ahead of the ordered deadline.  The federal rules provide that a party upon whom interrogatories and requests for production are served is permitted up to 30 days to respond unless ordered otherwise by the court or agreed by the parties.  Fed.R.Civ.P. 33(b)(3); 34(b).  Any stipulations by the parties which interfere with the discovery deadline must be approved by the court.  Fed.R.Civ.P. 29.

which are not at issue in this proceeding.  This argument presumably refers to a now-dismissed medical malpractice action which plaintiff filed in a Michigan court.  On December 22, 2004, several months after she had filed the present federal action, plaintiff also filed a second, state court action arising out of the death of plaintiff's decedent Michael Woodhull at the Kent County jail.  In that action, plaintiff asserted malpractice claims against the CMS defendants – and others – based on Michael Woodhull's medical treatment at the jail.  Michigan's Kent County Circuit Court dismissed that action as time-barred under the two-year limitations period applicable to malpractice actions, M.C.L. § 600.5805(6).  The dismissal of the claims as time-barred was affirmed on appeal.  Woodhull v. Veeneman, No. 262569, 2005 WL 2402041 (Mich. App. Sept. 29, 2005).[7]

Plaintiff has responded to the CMS's defendants' one-sentence argument regarding the relevance of the "Affidavits of Merit" with her own one-sentence denial.  At this time, the court does not rule on any question of admissibility except insofar as the court denies the motions to strike based solely on the procedural and discovery issues raised in the motions.

**Motions denied.**

So ordered this 21st day of March, 2006.


 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

---

[7]The state court's decision in the malpractice action is a proper subject for judicial notice. See Granader v. Public Bank, 417 F.2d 75, 82 (6th Cir. 1969) ("Federal courts may take judicial notice of proceedings in other courts of record").