UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERMA WOODHULL,
as Personal Representative of the Estate
of Michael Woodhull, deceased,

                                  Case No. 1:04-cv-203

    Plaintiff,

                                  Hon. Wendell A. Miles

v

COUNTY OF KENT; SHERIFF LAWRENCE A. STELMA;
CORRECTIONAL MEDICAL SYSTEMS, INC.,
a foreign corporation; CORRECTIONAL MEDICAL
SERVICES, INC., a foreign corporation;
DR. NASIM YACOB, M.D.; DR. DAVID CARREL, D.O.;
DR. NAN ALT, M.D.; CATHERINE WHITE, R.N.;
TAMMY SYSWERDA, R.N.; GWEN LANSER, R.N.;
NANCY SQUIRES, R.N.; KAREN PROUDFOOT, R.N.;
SHARON FISHER, R.N.; C. SYMKO;
THE FAMILY OUTREACH CENTER, a Michigan corporation;
RYAN VEENEMAN; and
CORNERSTONE COMMUNITY MENTAL HEALTH SERVICES,
a Michigan corporation, jointly and severally,

    Defendants.
_____/


ORDER ON DEFENDANTS' MOTION TO STRIKE POST DEADLINE
AFFIDAVIT OF PLAINTIFF'S EXPERT WITNESS
COREY WEINSTEIN, M.D.


       This action filed under 42 U.S.C. § 1983 arising from the death of a former prisoner at

the at the Kent County jail is currently before the court on a motion filed by the remaining

defendants (collectively, "the CMS defendants" unless otherwise noted[1]) to strike an affidavit of

---

[1] The remaining defendants are a corporation, Correctional Medical Services, Inc.
("CMS"), which entered into a contract with the County to provide medical services to inmates
                                                                 (continued...)

plaintiff's expert witness Corey Weinstein, M.D. pursuant to Fed.R.Civ.P. 37, subsection c (docket no. 168). Plaintiff has not filed a written response to the motion. For the reasons to follow, the court **GRANTS** the motion.

## Discussion

"Rule 26(a)(2)(B) generally requires parties to make mandatory disclosures about their experts[.]" Roberts v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003). This includes disclosure of a written report containing, *inter alia,* "a complete statement of all opinions to be expressed and the reasons therefor[.]" Fed.R.Civ.P. 26(a)(2)(B). The disclosure(s) must be made at the time directed by the court, or, if no time is directed by the court, at least 90 days before the trial date or the date the case is to be ready for trial. In addition, Fed.R.Civ.P. 37(c)(1), on which the CMS defendants rely, provides in pertinent part as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. . . .

Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" Roberts, 325 F.3d at 782 (citations omitted). The

---

$^{1}$(...continued)
at the jail, in addition to four individuals – Nasim Yacob, M.D., Daniel Carrel, D.O., Tammy Syswerda, R.N., and Gwen Lanser, R.N. – employed as doctors and nurses responsible for providing medical care at the jail.

burden is on the potentially sanctioned party to prove harmlessness.  Id.  Rule 37(c)(1), however,

> provides several remedies to a district judge who is faced with violations of the mandatory-disclosure provisions of Rule 26. The provision on sanctions explicitly states in pertinent part that 'in lieu of this sanction [of total exclusion], the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.' Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety.

Roberts, 325 F.3d at 783-784.

Discovery in this case was to have been completed by October 1, 2005.  Stipulated Order Extending Case Management Dates (docket no. 87), ¶ 3 (entered Jan. 10, 2005).  Plaintiff was to identify her experts by April 1, 2005, and to provide written reports of her experts by July 1, 2005.  Id.  Plaintiff appears to have timely identified her experts and provided written reports.  Subsequently, the CMS defendants filed a motion for summary judgment, which has for some time been fully briefed and remains pending.

However, for unknown reasons, on June 19, 2006 plaintiff filed an additional "affidavit" of one her prison medical experts, Corey Weinstein, M.D. (docket no. 166).  Plaintiff did not explain why the additional affidavit was filed at that time.  On June 26, 2006, the CMS filed the present motion to strike this late-filed affidavit, arguing that the affidavit includes new information or opinions (paragraphs 27 and 28) which were not disclosed in Dr. Weinstein's original report.

Plaintiff, who has not responded to the present motion, does not dispute that the June 19, 2006 affidavit of Dr. Weinstein includes new matters and/or opinions not timely disclosed in the written report required by Fed.R.Civ.P. 26(a)(2) and the Stipulated Order Extending Case Management Dates.  Moreover, plaintiff has not sought to make a showing of either substantial

3

justification or harmlessness as required by Fed.R.Civ.P. 37(c)(1).  Therefore, the court concludes that the affidavit of Dr. Weinstein filed by plaintiff on June 19, 2006 (docket no. 166) should be stricken, and the matters disclosed therein – to the extent not disclosed in any previous timely disclosed written report – shall not be used as evidence at trial or in opposition to the CMS defendants motion for summary judgment.

**Motion granted.**

So ordered this 18th day of July, 2006.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge